Opinion filed May 17, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 17, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00043-CR 

                                                    __________

 

                                  DUSTY
DAWN NALLEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 118th District Court

 

                                                         Howard
County, Texas

 

                                                    Trial
Court Cause No. 11749

 



 

                                                                   O
P I N I O N

The jury
convicted Dusty Dawn Nalley of criminal mischief and assessed her punishment at
confinement for two years in a state jail facility and a $1,000 fine.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel presents two potential points of
error.  








First, counsel contends that the evidence is
factually insufficient to support the verdict. 
To determine if the evidence is factually sufficient, the appellate
court reviews all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006) (overruling in part  Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.


Melissa Castillo, John Baker, and Marisela
Villareal testified that they saw appellant scratch the victim=s car in the Wal-Mart parking lot in Big Spring, Texas.  Castillo and Baker also testified that Baker
told appellant to stop because she was going to get into trouble and that
appellant responded that she did not care and that she did not have to
stop.  The record reflects that the
vehicle was scratched on all sides and that a message was written on the
hood.  The cost to repair the vehicle was
$3,826.98.  Appellant presented no
contradictory evidence.  The evidence is
factually sufficient to support the jury=s
verdict.  The first potential point is
overruled.

Next, counsel contends that the State=s comment in its final closing argument
that Athere=s no contrary evidence@ was a comment on appellant=s failure to testify.  We disagree. 
The State=s
argument was a response to trial counsel=s
argument that the State had not sustained its burden of proof and that the
State=s
witnesses were not credible.  The State=s argument was also a summation of the
evidence presented to the jury. 
Therefore, the statement was within the bounds of proper jury
argument.  Jackson
v. State, 17 S.W.3d 664, 673 (Tex.
Crim. App. 2000). When viewed from the standpoint of the jury, the necessary
implication of the statement was not a a reference to any failure on the part
of appellant to testify.  Bustamante
v. State, 48 S.W.3d 761, 765 (Tex.
Crim. App. 2001).  Moreover, no objection
was made, and any error was waived.  The
second potential point is overruled.








Counsel has provided appellant with a copy of the
brief and advised appellant of her right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that she may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that she may file a petition for discretionary review
pursuant to Tex. R. App. P. 66.  Black v. State, No.
11-06-00273-CR,  2007 WL 431005 (Tex. App.CEastland Feb. 8, 2007, no pet.).

The motion to withdraw is granted, and the
judgment is affirmed.

 

 

PER CURIAM

 

May 17, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.